UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RICHARD WILLIAMS,

Defendant.

---

13-CR-487 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Richard Williams moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c). For the reasons that follow, Mr. Williams' motion is denied.

## BACKGROUND

On June 11, 2013, Mr. Williams participated in a conspiracy to rob a large shipment of cocaine arriving in New York from Miami, Florida. Presentence Report dated March 11, 2014 ("PSR") at ¶¶ 12–24. The plan was in fact part of a Drug Enforcement Administration sting operation, and Mr. Williams and his coconspirators were arrested. *See id.* On December 13, 2013, pursuant to a plea agreement, Mr. Williams pled guilty to conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. *See* Plea Hearing Tr. at 15, Dkt. 43. On October 29, 2014, the Court sentenced Mr. Williams to thirty months' imprisonment followed by three years' supervised release. *See* Dkt. 90.

Mr. Williams' three-year term of supervised release began on December 21, 2015. *See* Amended Violation Report dated August 10, 2017 ("VR") at 3. On September 20, 2016, Mr. Williams was arrested in New Jersey for unlawfully possessing a firearm, which police recovered loaded with hollow-point bullets (the "September 2016 Violation"). *Id.* He was charged with several state felonies, *id.*, to which he later pled guilty, *see* January 27, 2020 Hearing Tr. at 2, Dkt.

110. On February 17, 2017, Mr. Williams was again arrested for unlawfully possessing a firearm (the "February 2017 Violation"). VR at 4. In that instance, when police attempted to stop Mr. Williams' vehicle, he led them on a 10-minute-long high-speed chase that ended only when Mr. Williams crossed into oncoming traffic and collided head-on with a police car, causing both cars to catch fire. *Id*. Mr. Williams was apprehended at the scene, and police recovered a revolver from his person, again loaded with hollow-point bullets. *Id.* In connection with that offense, Mr. Williams pled guilty in the District of New Jersey to a single violation of 18 U.S.C. § 922(g)(1). *See United States v. Richard Williams*, No. 17 CR. 193 (D.N.J. Sept. 18, 2018) ("DNJ"), Dkt. 62.

On October 7, 2019, Mr. Williams was sentenced in the District of New Jersey to 120-months' imprisonment for the offense underlying the February 2017 Violation. DNJ Dkt. 78. In December 2019, Mr. Williams was sentenced in Essex County Superior Court to 42 months' imprisonment for the offense underlying September 2016 Violation, to run concurrently with the sentence imposed in the District of New Jersey. *See* January 27, 2020 Hearing Tr. at 2–3.

On January 27, 2020, the Court held a hearing on Mr. Williams' violations of supervised release. *See id.* At the hearing, Mr. Williams admitted to both violations, *see id.* at 8–9, and the Court sentenced him to 15 months' imprisonment to run consecutively to the concurrent federal and state sentences he is currently serving, *id.* at 21–22.

On November 7, 2023, Mr. Williams, proceeding *pro se*, filed a motion with this Court seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c). He asks the Court to modify his 15-month sentence such that it run concurrently with his current sentence or, alternatively, to reduce his 15-month sentence to time served. *See* Defendant's Motion ("Def. Mot."), Dkt. 123. The Government opposed Mr. Williams' motion on November 30, 2023, *see* Government's Opposition ("Gov't Opp'n"), Dkt. 126, and Mr. Williams filed a reply to the Government's

Opposition on December 27, 2023, *see* Dkt. 127. Per the Bureau of Prisons website, Mr. Williams is scheduled to complete his term of incarceration on June 19, 2026.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may reduce a defendant's term of imprisonment "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." A court may grant such a motion where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. 18 U.S.C. § 3582(c)(1)(A).[1] The relevant Sentencing Commission policy statement, U.S.S.G. § 1B1.13, provides that a defendant is eligible for a reduction in term of imprisonment only if the court determines that he "is not a danger to the safety of any other person or to the community." "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

## DISCUSSION

Mr. Williams argues that the following constitute extraordinary and compelling reasons warranting a reduction of his sentence: (1) the severity and harshness of his confinement due to

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

the COVID-19 pandemic; (2) purported intervening changes in the law; (3) his rehabilitation while incarcerated; and (4) his chronic health issues, including physical disabilities.[2]

In opposing Mr. Williams' motion, the Government argues that Mr. Williams has failed to demonstrate extraordinary and compelling reasons, that the § 3553(a) factors do not support a sentence reduction, and that Mr. Williams remains a danger to the community.  With regard to whether there are extraordinary and compelling reasons for a sentence reduction, the Government first argues that Mr. Williams' contentions regarding intervening changes in the law are without merit, *see* Gov't Opp'n at 7, and that a § 3582(c) motion is an improper vehicle to challenge the validity of his conviction, *see id.*; *see also United States v. Jacques,* Nos. 20-3276, 21-1277, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (summary order).  Second, it argues that the harsh prison conditions created by COVID-19 "are not, without more, sufficiently extraordinary and compelling to warrant compassionate release."  Gov't Opp'n at 8; *see United States v. Hatcher*, No. 18 CR. 454 (KPF), 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021).  Third, it asserts that Mr. Williams' prison record "is what is expected of inmates and does not make out an extraordinary circumstance" warranting relief.  Gov't Opp'n at 8; *see United States v. Corbett*, No. 10 CR. 184 (PAE), 2023 WL 8073638, at 7* (S.D.N.Y. Nov. 21, 2023) ("[P]articipation in programming aimed at rehabilitation is expected of inmates.").  Finally, it argues that Mr. Williams' medical conditions—which he contends increase his risk of experiencing severe illness

---

[2] On October 27, 2020, Williams submitted a request for a sentence reduction to the warden of his facility based on the effects of the COVID-19 pandemic, which the warden denied on November 4, 2020. *See* Gov't Opp'n, Ex. 2. He then filed additional requests for a sentence reduction due to his medical conditions on February 16, 2022, and February 17, 2022, which were denied on March 1, 2022. *See* Def. Mot., Attach. A. Next, he filed a Request for Administrative Remedy on March 31, 2022, which was denied on April 5, 2022, because his "medical conditions do not meet the compassionate release criteria." *Id.* Williams appealed that decision to the Acting Regional Director of the Bureau of Prisons on June 14, 2022; that appeal was denied on September 9, 2022. Def. Mot., Attachs. A, C. He subsequently appealed that denial to the Bureau of Prisons Central Office on November 3, 2022, and that appeal was denied on December 21, 2022. *Id.* Accordingly, the Government concedes that "it appears that Williams has exhausted the administrative remedies available to him." Gov't Opp'n at 5.

if exposed to COVID-19—do not support Mr. Williams' motion because he has refused to be vaccinated against COVID-19.  Gov't Opp'n at 8–9; *see United States v. May*, No. 18 CR. 688 (ALC), 2022 WL 255315, at *1 (S.D.N.Y. Jan. 26, 2022) ("[A defendant's] refusal to take the vaccine belies not only his fear of developing serious complications from COVID 19, but also his concern that the facility cannot protect his health as it relates to COVID 19.").

As an initial matter, the Court commends Mr. Williams for his sincere effort at rehabilitation and his clear disciplinary record, especially in light of his health issues and the harsh conditions of confinement he endured during the COVID-19 pandemic.  While incarcerated, Mr. Williams has participated in extensive rehabilitative programming, including taking dozens of continuing education and personal enrichment classes and pursuing a GED.  *See* Def. Mot. at 2; *id.*, Attach. B.  Altogether, Mr. Williams' prison record appears to be exemplary.

The Court need not decide whether Mr. Williams has demonstrated extraordinary and compelling reasons warranting a sentence reduction, however, because—even assuming that such reasons warrant a reduced sentence—the Court can grant his motion only if (1) doing so would be consistent with the § 3553(a) factors, *see United States v. Johnson*, No. 23-6272, 2023 WL 6475329, at *2 (2d Cir. Oct. 5, 2023) ("[I]f a district court determines that the § 3553(a) factors counsel against release, it may deny a compassionate-release motion on that basis alone and need not determine whether extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction exist."); and (2) it determines that Mr. Williams is not a danger to the community as provided in 18 U.S.C. § 3142(g), *see* U.S.S.G. § 1B1.13.  Among the pertinent § 3553(a) factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to afford adequate deterrence," and "to

protect the public from further crimes of the defendant," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a). The § 3142(g) factors are largely duplicative of those in § 3553(a), and also include "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Here, the § 3553(a) and § 3142(g) factors do not support a sentence reduction.

In weighing these factors, the Court must consider, among other things, Mr. Williams' history and characteristics, along with the nature and circumstances of his violations. Mr. Williams' lengthy criminal history includes multiple crimes committed while on probation, parole, and supervised release, including offenses involving firearms. In 1997, while on probation for a prior offense, Mr. Williams was charged with several state offenses in connection with a car theft and ensuing high-speed chase. PSR ¶¶ 49–50. He pled guilty to the charges and received a sentence of 8 years' imprisonment. *Id.* ¶ 51. In 2003, while on parole for that offense, Mr. Williams was arrested for unlawfully possessing a handgun, was convicted in the District of New Jersey for violating 18 U.S.C. § 922(g), and was sentenced to 63 months' imprisonment and three years' supervised release. *Id.* ¶¶ 55–59. While on supervised release for that offense—and a mere six weeks after his release from prison—Mr. Williams committed the underlying offense in this case: a conspiracy to rob a shipment of narcotics using a "Kel-Tec machine gun" and "5 loaded semiautomatic handguns." *Id.* ¶ 24; 55. Finally, and again while on supervised release, Mr. Williams committed the September 2016 and February 2017 Violations, each of which involved the possession of a firearm. *See* VR at 3–4.

Mr. Williams' history of committing crimes while subject to supervised and other forms of conditional release demonstrates his disregard for the "trust placed in him by the sentencing

6

court" that, when released from prison, he will "return to society and function as a responsible, self-reliant person." *United States v. Peguero*, 34 F.4th 143, 161 (2d Cir. 2022). As the Court explained at the January 27, 2020 hearing, it sentenced Mr. Williams "for the breach of trust committed against the district court," in light of "the nature of the violation [and] the fact that this [was] not [Mr. Williams'] first violation of supervised release." January 27, 2020 Hearing Tr. at 21. Moreover, the nature of Mr. Williams' crimes, his repeated unlawful possession of firearms, *see* PSR ¶¶ 55–59; VR at 3–4, and his pattern of (often recklessly) attempting to evade arrest, *see* PSR ¶¶ 50, 57; VR at 4, raise a concern that he poses a danger to the safety of the community. *See United States v. Burgos*, No. 18 CR. 570 (RA), 2021 WL 1226958, at *2 (S.D.N.Y. Apr. 1, 2021).

The Court's sentence was designed to reflect the seriousness of Mr. Williams' violations, promote respect for the law, provide just punishment, protect the public from further crimes committed by Mr. Williams, and—critically—to deter him from again violating supervised release when he is next released from custody.[3] *See id.* at 21, 24. Although the Court is pleased to see that Mr. Williams has made significant strides towards rehabilitation, "nothing in [Mr. Williams'] current papers causes the Court to recalculate the minimal sentence that is necessary to comply with those purposes." *United States v. Sattar*, 467 F. Supp. 3d 152, 157 (S.D.N.Y. 2020); *see also United States v. Anderson*, No. 19 CR. 771 (VB), 2023 WL 1070220, at *2 (S.D.N.Y. Jan. 27, 2023) (reasoning that, where the defendant was "a recidivist drug dealer," the need for deterrence "weigh[ed] strongly" against a sentence reduction). Accordingly, after considering the relevant factors, the Court concludes that a sentence reduction is not justified in this case.

---

[3] Williams will be supervised in the District of New Jersey after he is released from custody. *See* January 27, 2020 Hearing Tr. at 22.

7

## CONCLUSION

For the foregoing reasons, Mr. Williams' motion for a reduction of his sentence is denied.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 123.

SO ORDERED.

Dated:   November 26, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge